FILED
SUPERIOR COURT
OF GUAM

2014 NOV 21 PM 3: 49

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Case No. CF 0086-14 |
| | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) **DECISION AND ORDER ON** |
| | ) **PARTIES' SENTENCING** |
| BRYAN RAY BAZA BAUTISTA, | ) **MEMORANDA** |
| NELLIE JOIGETTE T. PENAFLOR, | ) |
| ALAN PHILIP CRUZ SANTOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the parties' sentencing memoranda. Attorney Terence E. Timblin represents Defendant Bautista and Assistant Attorney General James C. Collins represents the Government. The parties primarily dispute the sentencing range applicable to possession of a Schedule II controlled substance with intent to deliver. The Court now issues the following Decision and Order.

## BACKGROUND

Per the Indictment returned on February 28, 2014, Defendant Bautista was charged with felony counts of possession of a Schedule II controlled substance with intent to deliver, possession of a Schedule II controlled substance, possession of a firearm without a firearms identification card, and possession of an unregistered firearm. The charges stemmed from a search of a Dededo residence performed by the Guam Police Department on February 19, 2014. On July 25, 2014, Defendant Bautista pled guilty to all the charges against him.



On August 13, 2014, Defendant Bautista filed his Sentencing Memorandum. Defendant Bautista contends that, pursuant to 9 GCA § 67.401.4, the Court may sentence him anywhere from "to time served or 1 day" up to a maximum of five years for his conviction for possession of a Schedule II controlled substance with intent to deliver.

On August 20, 2014, the Government filed its Memorandum Concerning Sentencing Ranges. The Government argues that Defendant Bautista's conviction for possession of a Schedule II controlled substance with intent to deliver carries a term of incarceration ranging from three to five years. The Government reaches this result by construing 9 GCA § 80.31 in conjunction with 9 GCA § 67.401.4, such that the former provides a minimum of three years for first time offenders of first degree felonies while the latter provides a maximum of five years for those guilty of possession of a Schedule II controlled substance with intent to deliver pursuant to 9 GCA § 67.401.1.

On August 25, 2014, the Court took the matter under advisement without oral argument.

## DISCUSSION

There is no dispute that Defendant Bautista pled guilty to possession of a Schedule II controlled substance, i.e., an amphetamine-based substance, with intent to deliver pursuant to 9 GCA § 67.401.1, which provides that it is a first degree felony "to manufacture, deliver or possess with intent to manufacture, deliver or dispense a controlled substance." There is likewise no dispute as to the applicability of 9 GCA § 67.401.4(e) and its five-year maximum sentence. Section 67.401.4(e) provides:

> If [a defendant] is guilty of an offense involving a controlled substance listed in Schedule I or II of this Act which is not a narcotic drug or a controlled substance listed in Schedule III of this Act he shall be sentenced to a term of imprisonment of not more than five (5) years and may be fined not more than Fifteen Thousand Dollars ($15,000.00). The sentence shall include a special parole term of not less than two (2) years in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted.

The Government, however, argues that 9 GCA § 80.31 applies inasmuch as it sets a minimum sentence where § 67.401.4(e) does not. Section 80.31(a) applies to first offenders such as Defendant Bautista and provides, in pertinent part:

> In the cases to which § 80.30 is applicable as to the sentencing of the person, a person who has not previously been convicted of a criminal offense and has been convicted of a felony for the first time may be sentenced to imprisonment as follows:
>
>> (a) In the case of a felony of the first degree, the court shall impose a sentence of not less than three (3) years and not more than fifteen (15) years[.]

Section 80.30(a) provides, in pertinent part:

> Except as otherwise provided by law, a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
>> (a) In the case of a felony of the first degree, the court shall impose a sentence of not less than five (5) years and not more than twenty (20) years[.]

Defendant Bautista asserts that "there is no mandatory minimum" applicable here. The Government maintains, however, that 9 GCA §§ 80.30 and 80.31 impose a mandatory minimum because "[t]he language of 9 GCA § 67.401.4(e) does not 'otherwise provide' anything in relation to a minimum sentence, although it does 'otherwise provide' for a reduced maximum sentence." In light of these competing interpretations, the Court must identify the range of permissible sentences based on the applicable statutory provisions. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14.

As the parties acknowledge, it is plain that 9 GCA § 67.401.4(e) sets forth a maximum prison term of five years for possession of an amphetamine-based Schedule II controlled substance with intent to deliver. Section 67.401.4(e) otherwise sets forth no minimum sentence and contemplates a prison term only insofar as it provides that a defendant "shall be sentenced

to a term of imprisonment of not more than five (5) years." The narrow question for resolution, therefore, is whether 9 GCA §§ 80.30 and 80.31 provide default minimum or maximum sentences when another statute is silent as to either.

First, the Court looks to the plain language of 9 GCA § 67.401.4, which the Legislature enacted in 1972 and repealed and reenacted in 1998 via Public Law 24-149. Section 67.401.4 sets forth prison terms for various drug offenses: subsections (a), (b), and (c) provide a minimum and maximum term, while subsections (f), (g), (h), (i), and (j) provide only that a defendant "shall be sentenced to a term of imprisonment" of a certain maximum term as in subsection (e). Viewing the statute in its entirety, the Court concludes that the Legislature, in enacting and reenacting these provisions together, intentionally declined to set minimum sentences for some offenses while setting minimum and maximum sentences for others. See also Rinehart v. Rinehart, 2000 Guam 14, ¶ 9 (The rule of statutory construction, *expressio unius est exclusio alterius*, "means that if an option is expressed in a law, all other options not expressed were intentionally excluded."). Moreover, since §§ 80.30 and 80.31 were not enacted until 1977 and do not refer to § 67.401.4(e), it would be unreasonable to construe the statutory silence in the manner proposed by the Government. Indeed, the plain language of § 67.401.4(e) makes clear the Legislature intended for those convicted under the statute to serve a term of imprisonment of any period not exceeding five years. This greater sentencing range comports with the "trial court's broad discretion in determining a defendant's sentence." People v. Superior Court of Guam, 2003 Guam 11, ¶ 8 (statutory citations omitted). In addition, although the Government emphasizes the "[e]xcept as otherwise provided by law" clause of § 80.30, the Court finds that it is most reasonable to conclude that § 67.401.4 and its subsections "otherwise provide[]" sentencing ranges wholly apart from those set forth in §§ 80.30 and 80.31, such that some provisions provide a specific minimum and specific maximum and others provide a discretionary minimum and specific maximum.

Next, the Court notes that the position advocated by the Government would yield an impractical result if applied in the context of subsections (i) and (j) of 9 GCA § 67.401.4. These subsections provide for maximum one- and two-year terms for first and repeat offenders, respectively, of second degree felonies involving Schedule V substances pursuant to 9 GCA § 67.401.1(b)(2). By the Government's logic, §§ 80.30 and 80.31 would supply the minimum terms on account of the silence in subsections (i) and (j) of § 67.401.4. For subsection (i),

however, the minimum and maximum both would be one year, and for subsection (j) the maximum would be two years yet there still would be no minimum provided by law because the minimum provided by § 80.30 is a term of three years. Since reading the statutes together would yield an incongruous result, the Court is not convinced that the Legislature intended such an approach and, accordingly, declines to adopt the Government's position.

Finally, the Court recognizes that "[w]here a criminal statute is ambiguous, the rule of lenity requires [the Court] to construe the statute in favor of the defendant." People v. Tenorio, 2007 Guam 19, ¶ 14. Even assuming the pertinent statutes are ambiguous as to the proper minimum sentence, the Court adopts the Defendant's position that there is no mandatory minimum by virtue of 9 GCA § 80.31.

## CONCLUSION

The Court therefore concludes that the sentencing ranges applicable to Defendant Bautista's convictions are ascertained without reference to 9 GCA §§ 80.30 and 80.31. Thus, pursuant to 9 GCA § 67.401.4(e), Defendant Bautista "shall be sentenced to a term of imprisonment of not more than five (5) years." The Court also rejects the Government's similar arguments with respect to the appropriate sentencing ranges for Defendant Bautista's convictions for possession of a firearm without a firearms identification card and possession of an unregistered firearm. Accordingly, pursuant to 10 GCA § 60121(e) and (j), Defendant Bautista shall be sentenced to "not more than two (2) years imprisonment" and, pursuant to 10 GCA 60121(a), he shall be sentenced to "imprisonment of not less than one (1) year." Sentencing is scheduled for January 7, 2015 at 2:00 P.M.

**IT IS SO ORDERED** this day of November 21, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I a____ ledge that a copy ( the
o:____ hereto was placed in the
court box of:
AG, T. Trumble

Date: 11/21/14 Time: 4pm

Jerry T. Guerrero
Depu____ C____